UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

PHILIP WAYNE BERRYMAN,

     Petitioner,

v.

F. ARTIS, *Warden*,

     Respondent.

Case No. 74-71274
Honorable Laurie J. Michelson

---

**ORDER DENYING PETITIONER'S MOTION FOR RELIEF FROM JUDGMENT [14]**

---

Philip Wayne Berryman was convicted of murder and conspiracy to commit robbery in 1970. Four years later, he was granted a conditional writ of habeas corpus on the murder conviction because of an inappropriate statement made by the prosecutor regarding Berryman's failure to testify at trial. *See Berryman v. Colbert*, 387 F. Supp. 378 (E.D. Mich. 1974). The writ required that the state re-try Berryman within 90 days, but he was not retried until a month after that deadline. Records revealed that this delay was caused by Berryman's counsel's motion for an adjournment so that he could prepare for trial. (*See* ECF No. 5, PageID.56.) On January 8, 1977, the State retried Berryman on the murder charge, and he was again convicted. All of his appeals and post-conviction motions were denied.

Forty-six years later, in 2023, Berryman filed motions to enforce the conditional writ and convert it to an absolute writ. (*See* ECF Nos. 2, 5.) The Court denied Berryman's motions, reasoning that he provided "no adequate explanation or

justification for his decades long delay" in "seeking enforcement of the conditional writ." (ECF No. 11, PageID.124.). And, in any event, "the state substantially complied with the conditional writ." (*Id.*) Indeed, "the records Berryman provide[d] establish the state made a demonstrated effort to retry Berryman" within 90 days "and the delay was due to Berryman's own counsel's motion for an adjournment." (*Id.* at PageID.125.)

Now before the Court is Berryman's motion for relief from judgment under Federal Rules of Civil Procedure 60(b) & (d)(3). (ECF No. 14.) In it, Berryman stresses that he "does not now seek a second or successive habeas petition" but rather argues that the Court "mistakenly drew the wrong conclusion" and "misunderstood" his motion to enforce the conditional writ as well as the exhibits he attached. (*Id.* at PageID.151.)

## I.

Start with Berryman's claims under Rule 60(b). He argues that the Court should vacate the judgment under Federal Rules of Civil Procedure 60(b)(1)–(6). (*See* ECF No. 14, PageID.167–168.) But there are a few problems with Berryman's claims. First, they are untimely. Rule 60(c)(1) imposes deadlines on Rule 60(b) motions: All must be filed within a reasonable time. But for some, including motions under Rule 60(b)(1)–(3), "that 'reasonable time' may not exceed one year." *Kemp v. United States*, 596 U.S. 528, 533 (2022) (quoting Fed. R. Civ. P. 60(c)(1)). Here, the Court entered its judgment back in November of 2023. (*See* ECF No. 11.) But Berryman did not file his

2

motion for relief from judgment until February of 2025. (*See* ECF No. 14.) Accordingly, Berryman's claims under Rule 60(b)(1)–(3) are over a year too late.

That leaves Berryman's claims under Rule 60(b)(4)–(6), which Berryman must demonstrate were filed "within a reasonable time." *See* Fed. R. Civ. P. 60(c)(1); *Ghaleb v. Am. S.S. Co.*, 770 F. App'x 249 (6th Cir. 2019) ("[T]he party seeking to set aside a final judgment b[ears] the heavy burden of showing his entitlement to Rule 60 relief."). "Whether the timing of the motion is reasonable 'ordinarily depends on the facts of a given case including the length and circumstances of the delay, the prejudice to the opposing party by reason of the delay, and the circumstances compelling equitable relief.'" *Thompson v. Bell*, 580 F.3d 423, 443 (6th Cir. 2009) (quoting *Olle v. Henry & Wright Corp.*, 910 F.2d 357, 365 (6th Cir. 1990)). Berryman advises the Court that his delay was due to an onset of health problems, including battling cancer. (ECF No. 14, Page.ID.150.) While the Court is sympathetic to Berryman's struggles, this does not justify the fifteen-month delay in filing. *Days Inns Worldwide, Inc. v. Patel*, 445 F.3d 899, 905 (6th Cir. 2006) (finding that the filing of a Rule 60(b)(4) eleven months after the district court's judgement did not satisfy Rule 60(c)'s reasonable time requirement.)

And even if Berryman's Rule 60(b)(4)–(6) claims were timely, they are still insufficient. Federal Rule of Civil Procedure 60(b)(4) provides that a court may relieve a party from a final judgment if "the judgment is void." This rule applies "only in the rare instance where a judgment is premised either on a certain type of jurisdictional error or a violation of due process that deprives a party of notice or the opportunity

3

to be heard." *United Student Aid Funds, Inc. v. Espinosa*, 559 U.S. 260, 271 (2010). Berryman fails to levy any argument that this Court lacked jurisdiction or committed a due process violation when it denied his motion to enforce the conditional writ. So Berryman's Rule 60(b)(4) claim fails.

Berryman's claim under Rule 60(b)(5) suffers the same fate. Federal Rule of Civil Procedure Rule 60(b)(5) provides that a court may relieve a party from a final judgment if "the judgment has been satisfied, released, or discharged." This rule is inapplicable to Berryman's case, and Berryman makes no argument to the contrary. So Berryman's Rule 60(b)(5) claim fails.

No more helpful is Rule 60(b)(6). Under Federal Rule of Civil Procedure 60(b)(6), a court may relieve a party from final judgement "for any other reason that justifies relief." But the Sixth Circuit has "repeatedly emphasized that Rule 60(b)(6) applies only in exceptional and extraordinary circumstances." *McCurry v. Adventist Health Sys./Sunbelt, Inc.*, 298 F.3d 586, 596 (6th Cir. 2002); *see also Jinks v. AlliedSignal, Inc.*, 250 F.3d 381, 385 (6th Cir. 2001) ("Rule 60(b) does not allow a defeated litigant a second chance to convince the court to rule in his or her favor by presenting new explanations, legal theories, or proof."). Berryman has made no showing of exceptional circumstances that warrant this extraordinary relief. Rather Berryman argues it is extraordinary that the "state created a judicial travesty when [it] conspired" to "conceal the fact that [it] had no intention of honoring . . . [the] conditional writ as to the deadline." (ECF No. 14, PageID.172–173.) But, as this Court

already explained in its prior order (ECF No. 11) no such conspiracy and concealment ever occurred. So Berryman's Rule 60(b)(6) claim fails.

Finally, Berryman brings a claim under Federal Rule of Civil Procedure 60(d)(3), which provides that Rule 60 "does not limit a court's power . . . to set aside a judgment for fraud on the court." He claims that the state committed fraud by failing to appoint him counsel until two days before his trial. (ECF No. 14, PageID.153.)

Relief under Rule 60(d)(3) is limited to "the most egregious conduct involving a corruption of the judicial process itself." *Gen. Med., P.C. v. Horizon/CMS Health Care Corp.*, 475 F. App'x 65, 71 (6th Cir. 2012). To prove a claim under Rule 60(d)(3), a party must demonstrate conduct "1) on the part of an officer of the court; that 2) is directed to the judicial machinery itself; 3) is intentionally false, willfully blind to the truth, or is in reckless disregard of the truth; 4) is a positive averment or a concealment when one is under a duty to disclose; and 5) deceives the court." *Johnson v. Bell*, 605 F.3d 333, 339 (6th Cir. 2010) (quoting *Carter v. Anderson*, 585 F.3d 1007, 1011 (6th Cir. 2009)).

Berryman does not attempt to articulate how his claim might satisfy these elements. Instead, Berryman restates his belief that the State failed to comply with the 90-day time limit in bad faith and takes issue with this Court's finding that there was no evidence of intentional delay. (*See* ECF No. 14, PageID.167–170.) So Berryman's Rule 60(d)(3) claim fails.

**II.**

For the reasons stated above, Berryman's motion for relief from judgment (ECF No. 14) is DENIED.

SO ORDERED.

Dated: March 10, 2025

s/Laurie J. Michelson

LAURIE J. MICHELSON
UNITED STATES DISTRICT JUDGE